[Cite as *State v. Taylor*, 2020-Ohio-6854.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28668 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-2725 |
| | : | |
| ANTWANETTE J. TAYLOR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of December, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by HEATHER N. KETTER, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

KATHRYN L. BOWLING, Atty. Reg. No. 0084442, 120 West Second Street, Suite 1715, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Antwanette J. Taylor appeals from her conviction for improperly handling firearms in a motor vehicle under R.C. 2923.16(A). She contends that the trial court erred by failing to instruct the jury that it could consider self-defense as a defense to this charge. We agree, so we reverse.

## I. Factual and Procedural Background

{¶ 2} This case arises from an incident involving Taylor, Timothy Beasley, and Andrea Hogan (Beasley's girlfriend and Taylor's friend). While Taylor was sitting in her car with Hogan, Taylor shot Beasley, who was standing near the driver's side door, seriously injuring him. From the trial testimony of these three, the following basic narrative emerged.

{¶ 3} Early in the evening of August 16, 2019, Taylor received a phone call from Hogan telling her that Beasley had beaten her, again, and she had jumped out of her car that he was driving. Hogan asked Taylor to pick her up and take her home. Taylor picked Hogan up and drove to Hogan's house, where Beasley also lived. Beasley was there. He approached Taylor's car, and he and Hogan started arguing. When Beasley walked off down the street, possibly to where he had secretly parked Hogan's car, Hogan told Taylor to follow him because she had left her phone and purse in her car. Taylor slowly followed the walking Beasley with her car while Hogan hung out the window arguing with him.

{¶ 4} Beasley started throwing cement blocks or rocks at the car. Taylor stopped, opened her door (because the window didn't work), and told him to stop it. Beasley then stepped toward the car, and Taylor said she thought she saw him pull out a gun. Taylor, a concealed-carry (CCW) licensee, was wearing a handgun in a holster on her hip. She drew the gun and shot Beasley twice. Hogan jumped out of the car and went to aid

Beasley. Taylor called 911 and told the dispatcher what had happened. Hogan and Beasley denied he had a gun, and a gun was never found.

{¶ 5} Taylor admitted that she shot Beasley. But she said that she did so in self-defense, insisting that Beasley had a gun. Taylor also testified at the trial that, two years before, Beasley had pulled a gun on her when she picked up Hogan: "Me and Andrea was going to go look for a job and I came to get her. And he said, if you let her in this car, I'm gonna shoot this car up." (Tr. 579.)

{¶ 6} As a result of the August 16, 2019 incident, Taylor was charged with discharge of a firearm on or near prohibited premises, in violation of R.C. 2923.162(A)(3); felonious assault causing serious physical harm, in violation of R.C. 2903.11(A)(1); felonious assault with a deadly weapon causing physical harm, in violation of R.C. 2903.11(A)(2); and improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(A). All but the improper-handling charge included a firearm specification.

{¶ 7} A week-long trial was held in November 2019. The day before the trial began, Taylor filed a request that the court instruct the jury on the law of self-defense and submitted proposed instructions. After the close of all the evidence, the trial court ruled, without explanation, that it would instruct the jury on self-defense for all the offenses except improper handling. That is what the court did, telling the jury that "[s]elf-defense is not a defense to [the] count for improperly handling a firearm in a motor vehicle." (Tr. 767.) The jury found Taylor not guilty of all but the improper-handling offense. For that offense, she was sentenced to up to five years of community control.

{¶ 8} Taylor appeals.

## II. Analysis

{¶ 9} The sole assignment of error alleges:

The trial court erred in failing to instruct the jury that self defense applies to improper handling under R.C. 2923.16(A).

{¶ 10} "[A] trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." *State v. Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640 (1990), paragraph two of the syllabus. We review a trial court's refusal to submit a requested jury instruction for "an abuse of discretion under the facts and circumstances of the case." *State v. Wolons*, 44 Ohio St.3d 64, 68, 541 N.E.2d 443 (1989).

*Self-defense as a defense to the improper-handling charge*

{¶ 11} We first consider whether Taylor could raise self-defense against the charge of improperly handling firearms in a motor vehicle under R.C. 2923.16(A), which prohibits a person from "discharg[ing] a firearm while in or on a motor vehicle."

{¶ 12} R.C. 2901.05(B)(1) states categorically that "[a] person is allowed to act in self-defense[.]" It goes on to say that self-defense can be an affirmative defense "at the trial of a person who is accused of an offense that involved the person's use of force against another." Here, Taylor was charged with the improper-handling offense because while in her car she fired her handgun at Beasley. Plainly, Taylor was accused of an offense that "involved" her use of force against another. Consequently, she could raise self-defense against the charge. In our view, this makes sense, because if an attacker is threatening bodily harm or death to a person in a vehicle, and the person is otherwise authorized to have the weapon in the vehicle, that person should be entitled to use deadly

force in self-defense, and that person should not have to jump out of the vehicle before protecting herself.

{¶ 13} The State argues that the improper-handling charge did not involve the use of force, because the offense has no force element. But the terminology "accused of an offense that involved the person's use of force" does not mean accused of an offense an element of which is the use of force. The use of the past tense "involved" and the use of the definite article "the" suggest that the statute refers to the particular wrongful act supporting the charge in the case. If the statute used the present tense and used the indefinite article, the State might have a point.

{¶ 14} Furthermore, we contrast an improper-handling charge under division (A) of R.C. 2923.16 with a charge under division (B) of the statute. Division (B) prohibits having a loaded gun in a vehicle that is accessible to the driver or a passenger. But division (B) does not apply to a person, like Taylor, who is carrying a valid concealed handgun license. R.C. 2923.16(F)(5). Unlike the act of discharging a firearm while in a vehicle, the wrongful act in division (A), it is hard to conceive of a set of facts in which simply possessing a loaded gun in a vehicle would involve the use of force, as prohibited in division (B). In this case, if Taylor instead had been charged under division (B), simply having the loaded weapon in the vehicle (without a handgun license), we would likely agree that self-defense could not be raised.

{¶ 15} We also find it inconsistent for the trial court to give the self-defense instruction for the charge of discharge of a firearm on or near prohibited premises under R.C. 2923.162(A)(3), which prohibits "[d]ischarg[ing] a firearm upon or over a public road or highway," but not to give the instruction for the charge under R.C. 2923.16(A) of

improper handling. Both prohibit discharging a firearm—the only difference is that one prohibits doing so "upon or over a public road or highway" and the other prohibits doing so "while in or on a motor vehicle." We do not see why self-defense can be raised against one charge but not the other.

*Evidence of self-defense against the improper-handling charge*

{¶ 16} Next, we consider whether Taylor raised self-defense successfully, that is, whether she introduced sufficient evidence that she acted in self-defense.

{¶ 17} "A trial court need not instruct the jury where there is insufficient evidence to support an issue. In reviewing a record to ascertain whether sufficient evidence exists to support the giving of an instruction, an appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 124, 679 N.E.2d 1099 (1997). *See also State v. Melchior*, 56 Ohio St.2d 15, 381 N.E.2d 195 (1978), paragraph one of the syllabus (applying this standard to whether a defendant has successfully raised an affirmative defense under R.C. 2901.05).

{¶ 18} R.C. 2901.05(B)(1) requires that there be "evidence presented that tends to support that the accused person used the force in self-defense." "To establish self-defense, a defendant must introduce evidence showing that: (1) [s]he was not at fault in creating the violent situation; (2) [s]he had a bona fide belief that [s]he was in imminent danger of bodily harm; and (3) [s]he did not violate any duty to retreat or avoid the danger." *State v. Brown*, 2017-Ohio-7424, 96 N.E.3d 1128, ¶ 24 (2d Dist.), citing *State v. Thomas*, 77 Ohio St.3d 323, 326, 673 N.E.2d 1339 (1997), citing *State v. Williford*, 49 Ohio St.3d 247, 249, 551 N.E.2d 1279 (1990). (Other citation omitted.)

{¶ 19} Given that the trial court instructed the jury on self-defense for the discharge-of-a-firearm and felonious-assault offenses, the court must have concluded that Taylor presented sufficient evidence of self-defense as to those offenses. That is, the court necessarily determined that there was sufficient evidence that Taylor was not at fault in creating the violent situation, had a bona fide belief that she was in imminent danger of bodily harm, and did not violate any duty to retreat or avoid the danger. All the charged offenses were based on the same act: Taylor shooting Beasley from inside her car. If the evidence were sufficient to show that Taylor acted in self-defense when she committed the other offenses—especially the discharge-of-a-firearm offense—the evidence also must have been sufficient to show that Taylor acted in self-defense when she committed the improper-handling offense.

{¶ 20} The State argues that any error was harmless because the evidence shows overwhelmingly that Taylor did not act in self-defense. As an initial matter, we point out that the State did not cross-appeal the trial court's giving of the self-defense instruction on the other three offenses. The jury found Taylor not guilty on the charges for which it was given the self-defense instruction. We cannot say that if the jury also had been given the self-defense instruction as to the improper-handling offense, it would still have found her guilty on that charge.

*Preservation of this issue for appeal*

{¶ 21} Lastly, we consider whether, as the State argues, Taylor waived her objection to the trial court's decision not to give the self-defense instruction for the improper-handling offense.

{¶ 22} The Ohio Supreme Court has said that "[a] party does not waive his objections to the court's charge by failing to formally object thereto (1) where the record affirmatively shows that a trial court has been fully apprised of the correct law governing a material issue in dispute, and (2) the requesting party has been unsuccessful in obtaining the inclusion of that law in the trial court's charge to the jury." *Wolons*, 44 Ohio St.3d 64, 67, 541 N.E.2d 443, paragraph one of the syllabus (construing Crim.R. 30[A]).

{¶ 23} We relied on the above-quoted paragraph in *State v. Fine*, 2d Dist. Miami No. 09-CA-32, 2010-Ohio-2637. In that case, the trial court had misstated the elements of a section of a local property maintenance code in its instructions to the jury and the defendant had not objected. On appeal, we found that the defendant had submitted a proposed jury instruction before trial that correctly stated the law. We concluded that "Defendant notified the trial court of the correct law, but was unsuccessful in obtaining the inclusion of the correct law in the trial court's instruction to the jury. Defendant therefore preserved the right to assign as error on appeal the trial court's incorrect jury instruction." *Id.* at ¶ 21.

{¶ 24} The Third District, citing *Fine*, reached the same conclusion in *State v. Nye*, 2013-Ohio-3783, 997 N.E.2d 552 (3d Dist.). The trial court had failed to properly instruct the jury on self-defense, failing to give an instruction on the rebuttable presumption of self-defense. The defendant had not objected. On appeal, the appellate court found that the defendant had submitted proposed jury instructions that correctly stated the law, including the rebuttable presumption. The court concluded that, by doing so, the defendant had "preserved the issue for appeal." *Id.* at ¶ 26.

{¶ 25} Here, Taylor requested that the trial court give a self-defense instruction for all the charged offenses and submitted proposed instructions. The trial court ruled that it would give a self-defense instruction for all the offenses except improper handling. Taylor did not object. But Taylor's proposed instruction stated the law correctly in that it did not exclude self-defense as a defense to the improper-handling charge. Accordingly, she correctly notified the trial court that self-defense is a defense to the charge of improper handling, but the trial court failed to so instruct the jury. We conclude that Taylor preserved the issue for appeal.

### III. Conclusion

{¶ 26} The trial court prejudicially erred by failing to instruct the jury that self-defense is a defense to the charge of improperly handling firearms in a motor vehicle under R.C. 2923.16(A). The sole assignment of error is sustained. The trial court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Ketter
Kathryn L. Bowling
Hon. Timothy N. O'Connell